1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CALVIN PERKINS,                         No.  2:19-CV-2096-TLN-CKD P

12                    Plaintiff,

13        v.                                 ORDER

14   MARSHALL SAIPHER,

15                    Defendant.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action filed pursuant to 42 U.S.C. § 1983.  On April 3, 2020, the court issued Findings and

19   Recommendations that plaintiff's complaint be dismissed for failing to state a claim.  The order

20   explained that plaintiff's complaint was construed as a challenge to the conditions of his

21   confinement.  Based on plaintiff's objections, however, the court vacated its Findings and

22   Recommendations on April 29, 2020 and dismissed plaintiff's complaint with leave to amend.

23   ECF No. 10.  In so doing, the court provided plaintiff with the requisite legal standard for an

24   Eighth Amendment deliberate indifference claim.  On May 4, 2020 plaintiff filed a first amended

25   complaint which is now before the court for screening.[1]  ECF No. 11.

26   /////

27   _____

28   [1] The filing date was determined by using the prison mailbox rule.  Houston v. Lack, 487 U.S.
     266 (1988).

1

### I.      Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

### II.     Allegations in the First Amended Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the California Health Care Facility ("CHCF").  Since 2017, plaintiff has been issued orthopedic shoes as a result of bunions on his big toes and diabetes.  ECF No. 11 at 1.  In approximately December 2018, his right orthopedic shoe developed a hole which affected plaintiff's ability to walk.  Id.  Plaintiff submitted a medical request form for a new pair of orthopedic shoes on January 4, 2019 as well as February 19, 2019.  Id. at 3.  On an unspecified date, plaintiff was seen by defendant Marshall Saipher, M.D., who told him that he was not going to issue plaintiff a new pair of orthopedic shoes because they were not medically necessary.  Id.  Plaintiff submitted a health care grievance form on February 19, 2019.  Id.  Plaintiff was finally issued a new pair of orthopedic shoes on June 25, 2019.  Id.  Plaintiff requests compensatory and punitive damages based on defendant Saipher's deliberate indifference to his serious medical need for orthopedic shoes.

### III.    Legal Standards

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A showing of merely negligent medical care is not enough to establish a constitutional violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

**IV.    Analysis**

The court has reviewed plaintiff's first amended complaint and finds that it fails to state a

claim upon which relief can be granted under federal law.  In this court's April 29, 2020 screening order, plaintiff was advised of the legal standards governing Eighth Amendment deliberate indifference claims.  In particular, plaintiff was advised that mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The allegations in plaintiff's amended complaint demonstrate a maximum delay of five months between plaintiff's first request for, and his receipt of, a new pair of orthopedic shoes.  It is not clear from the amended complaint when defendant Saipher refused to provide plaintiff the orthopedic shoes, but, even assuming that this occurred in January 2019, such a delay does not rise to the level of an Eighth Amendment violation.  Accordingly, plaintiff's first amended complaint will be dismissed for failing to state a claim upon which relief can be granted.

## V.     Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted).  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.  It appears that plaintiff may not have received the court's April 29, 2020 order containing the specific Eighth Amendment deliberate indifference standard before he filed his amended complaint.  Therefore, out of an abundance of caution and in light of plaintiff's pro se status, the court will grant him one last opportunity to amend his complaint.

## VI.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

1   Your amended complaint is being dismissed because it fails to state any cognizable claim

2   for relief.  Because you may not have received the court's April 29, 2020 order containing the

3   Eighth Amendment deliberate indifference standard before you filed the amended complaint, you

4   are being given one last opportunity to file a second amended complaint.  If you choose to do so,

5   pay careful attention to the legal standards explained in this order.

6   In accordance with the above, IT IS HEREBY ORDERED that:

7   1.  Plaintiff's first amended complaint is dismissed with leave to amend.

8   2.  Within 30 days from the date of service of this order, plaintiff may file a second

9   amended complaint that complies with the requirements of the Civil Rights Act, the

10   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second

11   amended complaint must bear the docket number assigned this case and must be

12   labeled "Second Amended Complaint."  Failure to file an amended complaint in

13   accordance with this order will result in a recommendation that this action be

14   dismissed.

15   Dated:  September 28, 2020

16   CAROLYN K. DELANEY

17   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23   12/perk2096.screen.docx

24

25

26

27

28

5