UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALVIN PERKINS,

         Plaintiff,

    v.

MARSHALL SAIPHER,

         Defendant.

No.  2:19-cv-02096-TLN-CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  On October 13, 2020, plaintiff filed a second amended complaint which is now before the court for screening.

**I.      Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

/////

1

**II.     Allegations in the Second Amended Complaint**

In his three-page second amended complaint, plaintiff alleges that defendant Saipher was deliberately indifferent to his serious medical need for a new orthopedic shoe for the bunion on his right foot.  Defendant Saipher declined to authorize plaintiff a new orthopedic shoe in December 2018 and again in January 2019.  On February 19, 2019 plaintiff filed a health care grievance requesting a new pair of orthopedic shoes which was ultimately granted on June 25, 2019.  Plaintiff alleges that the hole in his orthopedic shoe was affecting his daily activities "to just walk around" and resulted in his "suffering in unnecessary wanto[n] infliction of pain from October 2018 until June 25, 2019."  ECF No. 14 at 1-2.  By way of relief, plaintiff seeks compensatory and punitive damages.

**III.    Legal Standards**

Denial or delay of medical care can violate the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs.  Id.

A plaintiff can show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991).

"Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need.  Jett, 439 F.3d at 1096.  A showing of merely negligent medical care is not enough to establish a constitutional violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional

1   violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild,

2   891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of medical treatment, "without more,

3   is insufficient to state a claim of deliberate medical indifference."  Shapley v. Nev. Bd. of State

4   Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Where a prisoner alleges that delay of

5   medical treatment evinces deliberate indifference, the prisoner must show that the delay caused

6   "significant harm and that defendants should have known this to be the case."  Hallett v. Morgan,

7   296 F.3d 732, 745-46 (9th Cir. 2002); see McGuckin, 974 F.2d at 1060.

8       **IV.    Analysis**

9           The court has reviewed plaintiff's second amended complaint and finds that it fails to state

10  a claim upon which relief can be granted under federal law.  Although plaintiff alleges that he

11  suffered unnecessary pain, a serious medical need is determined by using an objective standard.

12  See Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (emphasizing that "[a] prisoner

13  claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was

14  'objectively, sufficiently serious,…").  Additionally, the court finds that the allegations in the

15  complaint establish a difference of opinion concerning the medical necessity of orthopedic shoes

16  to treat plaintiff's bunion.  However, a difference of opinion does not establish an Eighth

17  Amendment deliberate indifference claim.  See Toguchi, 391 F.3d at 1058; Sanchez, 891 F.2d at

18  242.  At most, defendant Saipher may have been negligent in failing to authorize a new

19  orthopedic shoe, but that is not sufficient to state an Eighth Amendment claim.  See Frost, 152

20  F.3d at 1130.  For all these reasons, the undersigned recommends dismissing plaintiff's second

21  amended complaint.

22      **V.    Leave to Amend**

23          If the court finds that a complaint or claim should be dismissed for failure to state a claim,

24  the court has discretion to dismiss with or without leave to amend.  Leave to amend should be

25  granted if it appears possible that the defects in the complaint could be corrected, especially if a

26  plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v.

27  United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to

28  amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that

                                                        3

1  the deficiencies of the complaint could not be cured by amendment." (citation omitted).

2  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment,

3  the Court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.

4      It appears to the court that further amendment would be futile because plaintiff's factual

5  allegations do not rise to the level of an Eighth Amendment violation even after several

6  opportunities to amend.  Therefore, the undersigned recommends that this action be dismissed

7  without further leave to amend.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701

8  F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the

9  court does not have to allow futile amendments).

10      **VI.    Plain Language Summary**

11      The following information is meant to explain this order in plain English and is not

12  intended as legal advice.

13      It is recommended that your second amended complaint be dismissed because it fails to

14  state any cognizable claim for relief.  Allowing you to amend the complaint would be futile at this

15  point.  As a result, it is recommended that you not be granted leave to amend your complaint and

16  that this civil action be closed.

17      If you disagree with this recommendation, you have 14 days to explain why it is not the

18  correct result.  Label your explanation as "Objections to the Magistrate Judge's Findings and

19  Recommendations."  The district judge assigned to your case will then make a final decision.

20      In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's second

21  amended complaint be dismissed without further leave to amend.

22      These findings and recommendations are submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24  after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

27  objections shall be served and filed within fourteen days after service of the objections.  The

28  parties are advised that failure to file objections within the specified time may waive the right to

4

appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 12, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/perk2096.F&R(2).docx

5